Filed 12/13/22  P. v. Wilson CA2/7
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FRED WILSON, Defendant and Appellant. | B304453 (Los Angeles County Super. Ct. No. NA057146-01) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Jesse I. Rodriguez, Judge. Affirmed as to the murder of Min and reversed as to the murder of Sun.

Mark D. Lenenberg and Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Charles S. Lee and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Fred Wilson was convicted following a jury trial in 2004 on two counts of first degree murder with special-circumstance findings and three counts of second degree robbery. The jury also found firearm enhancement allegations that Wilson in the commission of the murders had personally and intentionally discharged a firearm proximately causing death. In November 2019 Wilson petitioned for resentencing pursuant to Penal Code former section 1170.95 (now section 1172.6).[1] The superior court denied the petition after appointing counsel but without holding an evidentiary hearing, relying on the true findings on the firearm enhancement allegations to conclude Wilson was the actual killer of both victims, Kyung Min Kim (Min) and Kyung Sun Kim (Sun), and, therefore, ineligible for resentencing relief as a matter of law.

In our original opinion we agreed with Wilson that the superior court had erred in relying on the true findings on the firearm enhancement allegations to conclude he was the actual killer of Sun. Although Wilson admitted he killed Min, the evidence at trial established that David Jonathon Harris, Wilson's confederate, shot and killed Sun. We nonetheless held the error was harmless because the record of conviction, which included the felony-murder special-circumstance findings, established beyond dispute that Wilson was a major participant in the robbery of Sun and acted with reckless indifference to Sun's life during the robbery. On that basis, we concluded, Wilson was indisputably ineligible for resentencing relief.

After granting Wilson's petition for review, the Supreme Court transferred the case to us with directions to vacate our

_____

[1]     Statutory references are to this code.

2

prior decision and reconsider Wilson's appeal in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  In supplemental briefing Wilson contends we should reverse the denial of his petition for resentencing for the murder of Sun and remand the matter for an evidentiary hearing to determine whether he remains liable for that murder under a still-valid theory.  The Attorney General agrees, as do we.

As to the murder of Min, however, the Attorney General contends our prior decision remains correct and should be reaffirmed.  Wilson does not argue to the contrary.  We agree Wilson's admission he was the actual killer of Min, properly considered as part of the prima facie review of a petition for resentencing under section 1172.6, subdivision (c), established Wilson's ineligibility for resentencing relief as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Wilson's Murder Convictions*

The evidence at trial established that Wilson and Harris walked into a liquor store owned by Sun in late September 2001.  Sun worked at the store with his brother Min and another employee, Gun Sung Choi.  After unsuccessfully bargaining over the price of two bottles of alcohol, Wilson and Harris left the store.  Wilson and Harris returned to the store about 20 minutes later.  Both men were armed.  Harris forcibly entered the cash register area and shot Sun.

As Harris shot Sun, Choi activated a switch for a red alarm light in the adjoining fish market, where Sun's wife, Jenny Ok Kim (Jenny), and daughter worked.  Jenny ran outside and saw Harris in the cash register area of the liquor store.  She returned to the fish market, pushed the silent alarm and told her daughter

to call the police. Harris shot Sun a second time and left the liquor store.

Looking from the fish market, Jenny saw Harris walking down the street with a gun. After pushing the alarm button again, Jenny went out to the street and saw Wilson carrying a gun and a jar filled with money taken from the liquor store. When Jenny went back inside to push the alarm button a third time, she heard gun shots, as did Choi, who had remained in the liquor store. Jenny ran to the alley and discovered Min lying on the ground. Both Sun and Min died from multiple gunshot wounds.

Wilson was convicted following a jury trial on two counts of first degree murder (§ 187, subd. (a); counts 1-2), three counts of second degree robbery (§ 211; counts 3-5) and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1); count 6). As to counts 1 and 2, the jury found true the special-circumstance allegations that the murders had been committed during the commission of a robbery (§ 190.2, subd. (a)(17)(A)) and that there were multiple murders (§ 190.2, subd. (a)(3)). As to counts 1 to 4, the jury also found true that Wilson had personally and intentionally discharged a firearm proximately causing death (§ 12022.53, subds. (b), (c) & (d)), and as to count 5 that Wilson had personally and intentionally used and discharged a firearm (§ 12022.53, subds. (b) & (c)).

In a bifurcated bench trial the trial court found Wilson had previously been convicted of robbery, a serious or violent felony, and had served one prior prison term within the meaning of section 667.5, subdivision (b). The trial court sentenced Wilson to an aggregate state prison term of two life terms without parole, plus 81 years to life. We affirmed the convictions on appeal but

modified Wilson's sentence to strike the one-year prior-prison term enhancement imposed under section 667.5. (*People v. Wilson* (Nov. 16, 2005, B178497) [nonpub. opn.].)

    2. *Wilson's Petition for Resentencing*

On November 22, 2019 and again on November 27, 2019 Wilson, representing himself, filed petitions for resentencing under former section 1170.95, checking boxes on the forms establishing a facially sufficient case for resentencing relief, including the boxes stating he had been charged with murder by complaint, information or indictment that allowed the prosecution to procced under a theory of felony murder or murder under the natural and probable consequences doctrine and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437). Wilson requested the court appoint counsel.

On January 8, 2020 the superior court, "[b]ased on a preliminary review of the Petition," appointed the Alternative Public Defender to represent Wilson, and ordered the District Attorney to file a response within 60 days. Wilson's appointed counsel appeared on behalf of Wilson the following day, and the superior court set a hearing for February 13, 2020. However, without receiving any additional briefing or holding oral argument, the superior court summarily denied the petition on January 14, 2020.

In its order denying the petition the superior court stated, "The court has received and reviewed a petition for recall and resentencing pursuant to [former section] 1170.95. The petition is summarily denied because the petitioner is not entitled to relief as a matter of law, for the following reason: [¶] The

5

petitioner was convicted of two murders. The court file reflects that the petitioner was the actual killer. [¶] As to both murder counts 1 and 2, the jury found the petitioner '[personally] and intentionally discharged a firearm, a handgun, which proximately caused death within the meaning of [section] 12022.53[, subsection] (D) to be true.' [¶] . . . [¶] The jury also found the special circumstance pursuant to Penal Code section 190.2[, subdivision] (a)(3) to be true as to counts 1 and 2." The superior court explained that in making its ruling it had relied on the court file, the jury instructions that had been given at trial, and the completed verdict forms.

## DISCUSSION

1. *Section 1172.6 (Former Section 1170.95)*

As is now well known to the bench and bar, Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *Strong*, *supra*, 13 Cal.5th at pp. 707-708; *Lewis, supra,* 11 Cal.5th at p. 957.)

At the time of Wilson's trial in 2004, section 189 permitted a conviction for felony murder by imputing malice to a participant in an inherently dangerous felony, including robbery, that resulted in a homicide. (*People v. Chun* (2009) 45 Cal.4th 1172, 1184; see *Strong*, *supra*, 13 Cal.5th at p. 704.) As amended by Senate Bill 1437, section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of

6

murder except under the revised felony-murder rule as set forth in section 189, subdivision (e). That provision requires the People to prove specific facts relating to the defendant's individual culpability: The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)). (See *Strong*, at p. 708.)

Senate Bill 1437 also authorized, through former section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime. (See *Strong, supra*, 13 Cal.5th at p. 708; *Lewis, supra*, 11 Cal.5th at p. 957; *People v. Gentile, supra*, 10 Cal.5th at p. 843.) As amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (Senate Bill 775), these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

If the petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1172.6, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1172.6, subd. (b)(3)), and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and determine if the

petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864-865.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Lewis*, at p. 971, internal quotation marks omitted.)

When a petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).) At that hearing the court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law," including witness testimony.

(§ 1172.6, subd. (d)(3).)  The petitioner and the prosecutor may also offer new or additional evidence.  (*Ibid.*)

> 2. *Any Procedural Errors in Denying Wilson's Petition As It Related to the Murder of Min Were Harmless*

The superior court erred in determining Wilson failed to carry his burden of making a prima facie case for relief without first requiring the prosecutor to file a response to the petition and providing Wilson's appointed counsel with an opportunity to file a reply, as required by *Lewis*, *supra*, 11 Cal.5th at pages 961 through 970, and by former section 1170.95, subdivision (c), as amended by Senate Bill 775.  Nonetheless, in his original briefing following denial of the petition for resentencing, Wilson admitted he was the actual killer of Min, arguing only that the superior court erred in ruling the jury's finding he had personally discharged a firearm proximately causing death in connection with the murder of Sun established as a matter of law he was the actual killer of Sun.[2]  As discussed, pursuant to section 189,

---

[2]     Citing *People v. Oates* (2004) 32 Cal.4th 1048, 1055-1056, we explained in affirming imposition of the firearm enhancement in Wilson's direct appeal that the section 12022.53, subdivision (d), enhancement was properly imposed as to the murder of Sun "because Wilson personally discharged his firearm proximately causing the death of Min 'in the commission of' Sun's murder. . . .  The number of enhancements imposed under section 12022.53, subdivision (d), is not limited by the number of actual injuries inflicted by Wilson's personal discharge of his firearm."  (*People v. Wilson*, *supra*, B178497.)

The Attorney General conceded in his initial respondent's brief in this appeal that a properly imposed section 12022.53, subdivision (d), enhancement "does not *always* prove a defendant's actual killer status under all fact patterns, including here as to the murder of victim Sun."  However, the Attorney

subdivision (e)(1), as amended by Senate Bill 1437, a participant in the perpetration of a robbery in which a death occurred remains liable for murder if the person was the actual killer. Accordingly, Wilson is ineligible as a matter of law for resentencing relief as to the murder of Min, and any procedural errors by the superior court were necessarily harmless. In his supplemental brief following transfer by the Supreme Court, Wilson does not contend otherwise.

3. *Wilson Is Entitled to an Evidentiary Hearing To Determine His Right to Resentencing Relief for the Murder of Sun*

More than a decade after Wilson's conviction for Sun's murder, the overlapping factors for assessing whether a defendant was a major participant in an underlying serious felony and acted with reckless indifference to human life for purposes of section 190.2, subdivision (d) (and thus for continued liability for felony murder under the current iteration of section 189, subdivision (e)(3)) were detailed by the Supreme Court in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

In *Strong*, *supra*, 13 Cal.5th 698 the Supreme Court held, when, as here, the case of an individual convicted under a felony-murder theory "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Id.* at p. 721.) "This is true even if the trial evidence would have

---

General urged us to affirm the denial of the petition as to Sun based on the jury's true finding of the felony-murder special-circumstance allegation in connection with that murder conviction.

been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710.) A pre-*Banks/Clark* special-circumstance finding, the Court explained, does not defeat the petitioner's prima facie showing he or she could not now be convicted of murder "because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Id.* at p. 718.)

In addition, under *Lewis, supra,* 11 Cal.5th 952 a reviewing court may not find harmless any procedural errors by the superior court at the prima facia stage and affirm the denial of a petition for resentencing by independently examining the record of conviction, applying the *Banks* and *Clark* factors and determining that the record established beyond dispute that the petitioner was a major participant and had acted with reckless indifference to the murder victim's life when committing a qualifying serious felony. At that stage neither the superior court nor the reviewing court may engage in judicial factfinding. (*Id.* at pp. 971-972.) Moreover, although procedural errors at the prima facie stage are tested for prejudice under the state law standard articulated in *People v. Watson* (1956) 46 Cal.2d 818 (*Lewis,* at p. 958), the inquiry, when a petition was denied before issuance of an order to show cause, is whether the petitioner has shown it is reasonably probable the ""petition would not have been summarily denied without an evidentiary hearing"" if the error had not occurred (*Lewis,* at p. 974), not, as we assumed in our original opinion affirming the full denial of Wilson's petition, whether it is reasonably probable the petitioner will be entitled to resentencing relief if an evidentiary hearing is held.

As Wilson argues, and the Attorney General concedes, *Strong* and *Lewis* establish the superior court's erroneous denial of Wilson's petition for resentencing at the prima facie stage as to the murder of Sun must be reversed. The pre-*Banks/Clark* true finding on the felony-murder special-circumstance allegation with respect to Sun does not preclude resentencing relief as a matter of law, and harmless error review that includes applying the *Banks* and *Clark* factors to the record of conviction without a section 1172.6, subdivision (d)(3), evidentiary hearing is improper. (See *Strong*, *supra*, 13 Cal.5th at pp. 719-720 [section 1172.6 requires a finding on the *Banks* and *Clark* factors by a finder of fact, following an evidentiary hearing, using a beyond-a-reasonable-doubt degree of certainty].) Accordingly, the postjudgment order denying Wilson's petition as to count 1, the murder of Sun, must be reversed, and the cause remanded for issuance of an order to show cause and an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

## DISPOSITION

The postjudgment order denying Wilson's petition for resentencing is affirmed as to the murder of Min and reversed as to the murder of Sun. On remand the superior court is to issue an order to show cause concerning the petition as it relates to Sun and to conduct further proceedings in accordance with section 1172.6, subdivision (d).

PERLUSS, P. J.

We concur:

SEGAL, J.                    FEUER, J.

12